IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNUM LIFE INSURANCE**
**COMPANY OF AMERICA,**

      **Plaintiff,**

   v.                                       Civil Action 2:14-cv-96
                                               Magistrate Judge Elizabeth P. Deavers

**DEVON OSER,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

UNUM Life Insurance Company of America ("UNUM") filed this interpleader action seeking a judicial determination as to which claimant is the proper beneficiary under an accidental death plan that was issued as part of an employee benefit plan to decedent Cheri Hass. Claimants, Deven Oser ("Oser") and Fishal Hass Kim Alrecht LLP ("the Firm"), both assert entitlement to the $100,000 proceeds at issue.  This Court has subject matter jurisdiction over this interpleader action under the equitable relief provision of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(a)(3)(B)(ii).  This matter is before the Court for consideration of UNUM's Motion for an Order that Plaintiff be Discharged.  (ECF No. 35.) Because UNUM properly deposited the disputed funds with this Court, its Motion is **GRANTED**, and it is **DISCHARGED** from this action.  This matter is also before the Court for consideration of Claimants' cross motions for summary judgment.  (ECF Nos. 31, 32.)  For the reasons that follow, Oser's Motion is **GRANTED**, and the Firm's Motion is **DENIED**.

## I.

Ms. Hass was a partner at the Firm.  The Firm established an employee benefit plan that included both life insurance and accidental death and dismemberment insurance ("AD&D") for all partners.  (*See* Summary of Benefits, ECF No. 18 at p. 100–51.)  UNUM is the insurer for these plans.  In 2006, on an UNUM form entitled "Beneficiary Designation Form for Group Life and Group Accident Insurance," Ms. Hass designated her sister, Claimant Oser, as the primary beneficiary for both plans.  (Beneficiary Designation Form, ECF No. 18 at p. 166.)

On February 17, 2009, the partners of the Firm, including Ms. Hass, executed Resolution 2009-01, entitled "A Resolution of the Members/Partners Regarding the Allocation of Certain Amounts of the Proceeds of Term Life Insurance" ("2009 Resolution").  (2009 Resolution, ECF No. 18 at p. 167–68.)  The 2009 Resolution provides in pertinent part as follows:

> Whereas, the Members/Partners have determined and agreed that a portion of the proceeds of those policies purchased directly by the firm should be payable to the firm and not to the estate of the deceased Member/Partner so long as the aggregate coverage provided equals or exceeds current levels;
>
> Now therefore, the Members/Partners agree as follows:
>
> - $100,000 of the proceeds of the UNUM life insurance policy, or its replacement life insurance obtained directly by the firm for the benefit of the Member/Partner will be payable to the firm through appropriate beneficiary designation in such policy or policies.

(*Id.*)  That same day, Ms. Hass completed an executed a form entitled "Assignment of Life Insurance Under Group Policy" ("Assignment").  (Assignment, ECF No. 18 at p. 165.)  In this Assignment, Ms. Hass identifies the Firm as the assignee and checked the "Partial" box, such that the Assignment provides as follows: "[t]his assignment is . . . [p]artial, in the maximum amount of $100,000 . . . ."  (*Id.*)  The record does not contain any assignment relating to the AD&D plan.

Ms. Hass tragically passed away as a result of an accident on September 5, 2013. UNUM paid the life insurance and AD&D proceeds due in accordance with the Beneficiary Designation Form and Assignment with the exception of the disputed $100,000 from the AD&D plan. On January 27, 2014, UNUM filed this interpleader action seeking a judicial determination as to which claimant is the proper beneficiary of the disputed proceeds.

In its Motion for Summary Judgment, the Firm maintains that it is the proper beneficiary of the subject $100,000 AD&D plan proceeds. The Firm acknowledges that the 2009 Resolution does not mention the AD&D plan and also that on the face of the operative plan documents, Oser remains the designated primary beneficiary for the AD&D plan. The Firm nevertheless maintains that the clear intent of the partners of the firm, including decedent Ms. Hass, was to assign $100,000 of both the life insurance proceeds and the AD&D proceeds to the Firm. In support of this assertion, the Firm offers the affidavits of one of its partners and of the insurance broker who serviced the life insurance and AD&D plans. The Firm further asserts that because ERISA law is silent, Ohio law controls and permits consideration of the affidavits it submitted in support of its position.

Defendant Oser counters that she is the rightful beneficiary of the disputed funds because ERISA requires the plan administrator to act in accordance with the written documents and instruments. She points out that she remains the designated beneficiary for the AD&D plan and that the 2009 Resolution explicitly limited the firm to the $100,000 in proceeds that it has already received.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party has met its burden of production, the nonmoving party must . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III.

The Court finds that Oser is the proper beneficiary of the disputed $100,000 from the

AD&D plan.  The United States Court of Appeals for the Sixth Circuit recently reiterated that "[w]hen faced with a dispute over the proper beneficiary, ERISA 'supplies the rule of law' for making that determination."  *IBEW Pac. Coast Pension Fund v. Lee*, 462 F. App'x 546, 548 (6th Cir. 2012) (quoting *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129–30 (6th Cir. 1996) and citing 29 U.S.C. § 1001 *et seq.*).  The statutory language makes clear that an ERISA plan administrator must pay benefits "in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D).  The Sixth Circuit has construed Section 1104(a)(1)(D) "to lay down a 'clear mandate' that a plan administrator must 'follow plan documents to determine the designated beneficiary.'"  *IBEW*, 462 F. App'x at 548 (quoting *Metro Life Ins. Co. v. Marsh*, 119 F.3d 415, 420 (6th Cir. 1997) and citing *Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276 (6th Cir. 2011) ("ERISA directs that the plan documents determine the beneficiaries . . . and repeatedly underscores the primacy of the written plan.")).  Thus, a court must "settle any question regarding the proper beneficiary of a pension plan according to the plan documents, so long as the documents provide 'a workable means' of settling the dispute."  *Id.* (quoting *Metro Life,* 119 F.3d at 420).

Here, the plan documents provide a "workable means" of settling the dispute given that the documents clearly identify the designated beneficiary of the subject AD&D plan.  More specifically, as discussed above, the Beneficiary Designation Form Ms. Hass completed and executed in 2006 designates Claimant Oser as the primary beneficiary of the AD&D plan.  (ECF No. 18 at p. 166.)  The record contains no evidence reflecting that Ms. Hass revoked her beneficiary designation or that she assigned a portion of the proceeds from the AD&D plan to the Firm or any other party.  Thus, Claimant Oser remains the proper beneficiary entitled to the full

proceeds under the AD&D plan.

The Firm's arguments to the contrary are unavailing. First, contrary to the Firm's assertions, the Assignment Ms. Hass executed in February 2009 does not support a finding that the Firm is entitled to recover proceeds from the AD&D plan. The express language of the Assignment reflects that it relates only to the Life Insurance Group Policy. (ECF No. 18 at p. 165.) The operative Summary of Benefits outlines the claim information for the life insurance and AD&D plans in separate sections. (*See* Summary of Benefits, ECF No. 18 at p. 101, 107–12.) Significantly, the Summary of Benefits section relating to the AD&D plan provides that any changes to the beneficiary designation must be filed on "a form approved by Unum with [the] Employer." (*Id*. at 111.) Nothing in that section indicates that a change in beneficiary designation under the life insurance plan would automatically apply to the AD&D plan. (*Id*. at 111.) Consistently, nothing in the Summary of Benefits section relating to the life insurance plan indicates that a beneficiary designation change for the life insurance plan impacts the AD&D plan's beneficiary designation. (*See id*. at 108.) Moreover, the 2009 Assignment explicitly provided for a partial assignment "in the *maximum amount* of $100,000." (*Id*. (emphasis added).) The Assignment's express language limiting the assignee to recovery of a "maximum amount of $100,000" undermines the Firm's contention that this very document entitles them to recover $200,000. Certainly, Ms. Hass was free to execute a similar assignment relating to the AD&D plan or to assign the Firm $200,000 in the 2009 Assignment. Yet, the plan documents reflect that she did not do so.

Second, although the 2009 Resolution upon which the Firm relies is not part of the governing plan documents, it further undermines their position because it mentions only the life insurance plan and also contemplates the Firm receiving only $100,000. (*See* 2009 Resolution,

ECF No. 18 at p. 167–68.)  The 2009 Resolution could have required the signatories, including Ms. Hass, to execute an assignment related to the AD&D plan or could have raised the amount due to the Firm in the event of an accidental death; yet, it contains no such language.

Finally, the affidavits upon which the Firm relies, which were drafted months *after* commencement of this litigation, do not alter the Court's conclusion given that the governing plan documents clearly identify Claimant Oser as the proper beneficiary of the disputed funds. *Cf. Pressley*, 82 F.3d at 130 (in interpleader action governed by ERISA, the decedent's former wife was entitled to insurance benefits because her name remained on plan documents despite evidence of contradictory intent); *McMillan v. Parrott*, 913 F.2d 310, 311–12 (6th Cir. 1990) (finding that decedent's former wife was the proper beneficiary under plan governed by ERISA despite evidence of contradictory intent, explaining that "we determine [decedent's] intent by the designation on file at the time of [decedent's] death").

In sum, because the governing plan documents clearly identify Claimant Oser as the designated beneficiary under the AD&D plan, she is the proper beneficiary of the disputed funds. Claimant Oser is therefore entitled to judgment in her favor.

**IV.**

For the reasons set forth above, UNUM's Motion to be Discharged (ECF No. 35) is **GRANTED**, Oser's Motion for Summary Judgment (ECF No. 31) is **GRANTED**, and the Firm's Motion for Summary Judgment (ECF No. 32) is **DENIED**.  The Clerk is **DIRECTED** to enter Judgment in favor of Claimant Oser.

7

Date:  May 13, 2015                              */s/Elizabeth Preston Deavers*
                                                         Elizabeth Preston Deavers
                                                         United States Magistrate Judge